## GEORGE S. BLAKE et al.

### *v.*

## BLAKE & KNOWLES STEAM PIPE WORKS.

[Submitted January 25th, 1915.   Decided February 24th, 1915.]

1. In a suit to regulate the affairs of a corporation whose share capital consists of preferred and common stock, two-thirds common and one-third preferred, each share being of the same par value, a receiver will not be appointed upon the application of the complainants who constitute a portion of the preferred stockholders, for the sole purpose of defending a suit threatened to be brought against the corporation defendant by the receivers of another corporation owning the whole of the common stock and a portion of the preferred stock of the defendant corporation, to compel the payment of unpaid dividends declared upon the common stock and credited upon its book, but claimed to be illegal by the complainants, notwithstanding the allegation of the bill of complainant that the defendant corporation cannot be trusted with the defence, for the reason that it is wholly under the control of said receivers, who thus represent both sides of the controversy, leaving no independent person to look after the interest of the preferred shareholders.

2. It is an established principle that the defence of a suit shall be carried by the real party in interest and not by one who is a defendant, but is in a position to have more interest or leaning in favor of the complainant than of his *cestui que trust*.

---

On motion for the appointment of a receiver.

*Mr. Robert H. McCarter* and *Mr. Abraham Benedict* (of the New York bar), for the motion.

*Mr. John R. Hardin* and *Mr. Chauncey G. Parker*, for the defendant.

HOWELL, V. C.

The bill in this case is filed to regulate the affairs of the Blake & Knowles Steam Pipe Works, a New Jersey corporation. The complainants are the holders of substantial amounts of the

company's preferred stock. It has outstanding ten thousand shares of eight per cent. cumulative preferred stock of the par value of $48.50 per share, and twenty thousand shares of common stock of the same par value, making a total of share capital of both classes of $1,455,000 at par. Some years ago the whole of the common stock, and some portion of the preferred stock, became the property of the International Steam Pump Company, likewise a New Jersey corporation. On August 26th, 1914, C. Philip Coleman and Grayson M. P. Murphy were appointed receivers of the International company on a creditors' bill filed by William W. Conley and others, complainants, in the district court of the United States for the southern district of New York; and on September 2d, 1914, the same persons were appointed receivers of the property of the same company, by the same court, in a suit brought by the Guaranty Trust Company of New York, as trustee, to foreclose a mortgage held by it on the property of the International company to secure an issue of bonds; and I am informed by counsel that Gilbert Collins has been appointed receiver in this jurisdiction. The stock of the Blake & Knowles company, which was held by the International company, has thus come into the possession and under the control of the said receivers, and by virtue thereof said receivers are able to control the business and policy of the Blake & Knowles company. The bill likewise sets out that some five or six years ago the International company, then in control of the affairs of the Blake & Knowles company, induced the directors to declare dividends on the common stock of the Blake & Knowles company. Such dividends were declared, but, inasmuch as the Blake & Knowles company had no actual cash with which to pay them, the same were credited on its books to the account of the International company, and remain there at the present time as a debt or obligation of the Blake & Knowles company to the International company.

This indebtedness, together with some small items, representing goods sold and delivered, being a balance of a running account between the two companies, amounted, with interest, to upwards of $1,000,000, on account of which $300,000 in cash and property has been paid, leaving a balance claimed by the receivers of the International company from the Blake & Knowles

company of over $800,000. There are other items of complaint, but, for the purposes of this motion, it will only be necessary to consider the fact that the books of the Blake & Knowles company show that it owes this large sum to the International company or its receivers. The bill alleges that the books of the Blake & Knowles company, and its accounts thereon, have been manipulated so as to show an apparent surplus out of which dividends could be paid, and that, as a matter of fact, the surplus appearing on the books was created by such manipulation, and never did, in fact, exist; and it further alleges that the receivers of the International company are about to bring suit against the Blake & Knowles company to recover the amount of this account, with interest, and that as the parties stand at the present time, the Blake & Knowles company cannot be trusted with the defence, for the reason that it is wholly under the control of the receivers of the International, who thus, according to the allegations of the bill, represent both sides of the controversy, leaving no independent person to look after the interests of the preferred shareholders, whose shares aggregate one-third of the whole stock capital of the corporation. The prayer is that the Blake & Knowles company may be dissolved and its assets applied to the payment of its debts, and its surplus distributed among its stockholders according to their respective rights; that a receiver may be appointed to carry on the business of the Blake & Knowles company independently of the control of the International company, and restraining the Blake & Knowles company from interfering with the possession or control of such receiver, and from disposing of or otherwise interfering with the property or assets of the said company, and for further relief.

The application now is for the appointment of a receiver, whose duty it will be to defend the threatened suit, and nothing else. I am satisfied from the evidence submitted on both sides that there exists a real controversy which cannot be worked out in the present motion, but which ought to be tried out on final hearing where both parties can have the privileges of subpœnaing witnesses and of cross-examining the adverse ones. I think, likewise, that there is merit in the position taken by the complainants that the defence ought not to be entrusted to the directors of the

Blake & Knowles company alone, for the reason alleged in the bill, viz., that they are under the control of the International company and its receivers, and I conceive it to be the duty of the court, in case its power is properly invoked, to do what can lawfully be done toward obtaining a fair and open trial of the issues which may be raised by the pleading in the anticipated action.

The point is not without precedent in our own state. In *Melick* v. *Melick, 17 N. J. Eq. 156*, the principle is illustrated by Chancellor Green. In that case a bill was filed by an infant child by his next friend against his father in his capacity as executor to recover a gift *causa mortis* alleged to have been made by the father's testator to the complainant. The residuary legatee moved to be admitted to defend the suit. The chancellor says: "The residuary legatee asks that she may be admitted in person to defend the right which in ordinary cases the law entrusts to the care of the executor, on the ground that the executor is disqualified by his situation from discharging his duty in that behalf. She is clearly entitled to that privilege. It would be a reproach to the administration of justice if the law were otherwise. It is the constant practice in courts of law to permit the party beneficially interested to conduct or defend a suit in the name of the party to the record who has the legal right and to prevent all interference by the latter with the just rights of the former." (Citing cases.) The order was that unless the complainant would amend his bill by bringing in the residuary legatee she might be permitted to appear and answer the bill in its present form and make such defence as she might be advised.

The principle invoked is that the defence to an action shall be carried on by the real party in interest and not by one who is a defendant, but is in a position to have more interest or leaning in favor of the complainant than of his *cestui que trust.*

The appointment of a receiver for the sole purpose of interposing a defence strikes me as an anomalous proceeding and one which has no precedent in this jurisdiction, and I am unable to reconcile such a course with the doctrines which have heretofore prevailed in this state, touching the powers and duties of receivers and the reasons for which they are appointed. Circumstances which can easily be imagined may arise in case of making

such an appointment which would cause great embarrassment to the parties to the cause, and if the action should be an action at law, and brought in the State of New York, it might be seriously questioned whether interstate comity would be extended to such a limited receivership.

I do not think that the cases of *Hazzard* v. *Credit Mobilier, Fed. Cas. 6289,* and *Steele* v. *United Fruit Co., 190 Fed. Rep. 631,* are authority for the position now being urged on behalf of the complainants, and I am therefore of the opinion that it would be very unwise to appoint a receiver for the purpose proposed. Nor do I see how a receiver could be appointed at the present time for any purpose.

Either the suit is prematurely brought or else the bill lacks allegations to make it fit into the present state of the controversy. The complainants pray the immediate appointment of a receiver whose sole authority will be to defend a suit which has not yet been brought. This is an anticipation of a litigation which may never be instituted. If, on the other hand, the bill were a bill for an accounting and an ascertainment at the present time of the rights of the parties, there would seem to be no reason why a suit of that nature could not be prosecuted at the present time. I see serious objections to anticipating the action of the receivers of the International company by any course of practice that has been suggested; but I see no reason why the complainant should not now bring a suit for an accounting, or amend the present bill into one for an accounting which could be proceeded with immediately.

The result is that the motion as framed must be denied, but leave will be given to the complainants to amend their bill in such manner as they may be advised, and to renew their motion for an order to maintain the *status quo* until the final hearing.